UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

JESUS SIFUENTES,
    Plaintiff,

v.                                  Case No. 26-cv-00168

IN & OUT AUTO REPAIR, LLC,
    and
FREDERICK KOLEN
    Defendants.

## COMPLAINT

### JURISDICTION AND VENUE

1. The Court has original jurisdiction over Plaintiff's FLSA claims under 28 U.S.C. § 1331. The Court has supplemental jurisdiction over Plaintiff's state-law claims under 28 U.S.C. § 1367 because those claims are part of the same case or controversy as Plaintiff's FLSA claims.

2. Venue is proper in the United States District Court for the Milwaukee District of Wisconsin under 28 U.S.C. § 1391(b) because Defendants reside in this district and a substantial part of the events or omissions giving rise to the claim occurred in this district.

### PARTIES

3. Plaintiff Jesus Sifuentes ("Plaintiff") is an adult resident of Kenosha County in the State of Wisconsin.

4. Defendant In & Out Auto Repair, LLC (hereinafter "In & Out"), is a domestic limited liability company with its principal place of business at 6116 30th Ave. Unit A, Kenosha, WI, 53142.

5. Defendant In & Out operates an automotive repair shop in Kenosha, Wisconsin.

6. Defendant In & Out's registered agent for service of process in the State of Wisconsin is Frederick Kolen located at 7419 95th Ave, Kenosha, Wisconsin, 53142.

7. Defendant Frederick Kolen (hereinafter "Kolen") is an adult resident of Wisconsin residing at 7419 95th Ave, Kenosha, Wisconsin, 53142.

8. Kolen owns In & Out. As such, Kolen acted directly or indirectly in the interest of In & Out in relation to Plaintiff.

9. Defendant In & Out and Defendant Kolen were joint employers of Plaintiff and will be collectively referred to herein as "Defendants."

## FACTUAL ALLEGATIONS

10. Plaintiff was employed by Defendants as a Mechanic.

11. In that role, Plaintiff worked on vehicles that moved in interstate commerce before and after he serviced them.

12. Defendants engaged in the purchase and sale of vehicles inside and outside of the State of Wisconsin.

13. Defendants annual gross volume of business done exceeds $500,000 in 2025.

14. Plaintiff worked for Defendants from December 8, 2025 through December 27, 2025.

15. Defendants agreed to pay Plaintiff a salary of $600.00 per workweek.

16. Defendants and Plaintiff agreed that the salary was intended to pay Plaintiff for 39 hours per workweek.

17. Defendants and Plaintiff agreed that Plaintiff's schedule would be Monday through Friday, from 9:00 A.M. to 4:00 P.M., and Saturday from 9:00 A.M. to 1:00 P.M.

18. Defendants agreed to pay Plaintiff at an hourly rate of $15.38.

19. During the workweek ending on December 13, 2025, Plaintiff worked 75 hours for Defendants.

20. During the workweek ending on December 13, 2025, Defendants paid Plaintiff $500.00.

21. During the workweek ending on December 13, 2025, Defendants failed to pay Plaintiff $100.00 agreed upon wages.

22. During the workweek ending on December 13, 2025, Defendants failed to pay Plaintiff regular wages of $653.85 for 36 hours worked beyond the agreed upon 39 hours which the salary was intended to cover.

23. During the workweek ending on December 13, 2025, Defendants failed to pay Plaintiff overtime wages in the amount of $807.69.

24. During the workweek ending on December 13, 2025, Defendants failed to pay Plaintiff a total of $1,461.54 in wages.

25. During the workweek ending on December 20, 2025, Plaintiff worked 64 hours for Defendants.

26. During the workweek ending on December 20, 2025, Defendants paid Plaintiff $0.00.

27. During the workweek ending on December 20, 2025, Defendants failed to pay Plaintiff minimum wages.

28. During the workweek ending on December 20, 2025, Defendants failed to pay Plaintiff $600.00 agreed upon wages.

29. During the workweek ending on December 20, 2025, Defendants failed to pay Plaintiff regular wages of $384.62 for 25 hours worked beyond the agreed upon 39 hours which the salary was intended to cover.

30. During the workweek ending on December 20, 2025, Defendants failed to pay Plaintiff overtime wages in the amount of $553.85.

31. During the workweek ending on December 20, 2025, Defendants failed to pay Plaintiff a total of $1,538.46 in wages.

32. During the workweek ending on December 27, 2025, Plaintiff worked 35 hours for Defendants.

33. During the workweek ending on December 27, 2025, Defendants paid Plaintiff $0.00.

34. During the workweek ending on December 27, 2025, Defendants failed to pay Plaintiff minimum wages.

35. During the workweek ending on December 27, 2025, Defendants failed to pay Plaintiff $600.00 agreed upon wages.

36. During the workweek ending on December 27, 2025, Defendants failed to pay Plaintiff a total of $600.00 in wages.

37. Defendant Kolen had and continues to have control over the day-to-day operations of In & Out.

38. Defendant Kolen had and continues to have control over the human resources and compensation aspects of In and Out, including those compensation policies and practices alleged herein as they relate to Plaintiff.

39. Defendant Kolen determined the rates and methods of compensation for Plaintiff.

40. Defendant Kolen determined that Plaintiff would not be paid minimum wages for each hour worked.

41. Defendant Kolen determined that Plaintiff would not be paid overtime premium wages for each hour worked over forty in a workweek.

42. Defendant Kolen determined that Plaintiff would not be paid agreed upon wages for each hour worked.

**FIRST CLAIM FOR RELIEF:**
**FAILURE TO PAY MINIMUM WAGES IN VIOLATION OF THE FAIR LABOR STANDARDS ACT**

43. Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs.

44. Defendants have been, and continue to be, an enterprise engaged in commerce within in the meaning of 29 U.S.C. § 203(s)(1).

45. Defendants have been, and continue to be, employers within the meaning of 29 U.S.C. § 203(d).

46. Plaintiff was an employee of Defendants within the meaning of 29 U.S.C. § 203(e).

47. The FLSA requires covered employers to compensate all non-exempt employees at a rate of not less than $7.25 per hour.

48. Plaintiff was not exempt from the minimum pay requirements of the FLSA.

49. Defendants did not compensate Plaintiff at the applicable minimum wage rate for each hour Plaintiff worked.

50. The foregoing practice violates the FLSA.

51. Defendants' violation of the FLSA was willful.

52. Plaintiff suffered wage loss because of this violation.

## SECOND CLAIM FOR RELIEF: FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF THE FAIR LABOR STANDARDS ACT

53. Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs.

54. The FLSA requires covered employers to compensate all non-exempt employees at a rate of not less than one-and-one-half times their regular rate of pay for work performed in excess of forty hours per workweek.

55. Plaintiff was not exempt from the overtime pay requirements of the FLSA.

56. Defendants did not pay Plaintiff overtime premium wages for work performed in excess of forty hours per week.

57. The foregoing practice violates the FLSA.

58. Defendants' violation of the FLSA was willful.

59. Plaintiff suffered wage loss because of this violation.

### THIRD CLAIM FOR RELIEF:
### FAILURE TO PAY MINIMUM WAGES IN
### VIOLATION OF WISCONSIN LAW

60. Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs.

61. Defendants have been, and continue to be, employers within the meaning of Wis. Stat. §§ 104.01(3) and 109.01(2).

62. Plaintiff was an employee of Defendants within the meaning of Wis. Stat. §§ 104.01(2) and 109.01(1r).

63. Wisconsin law requires employers to pay all non-exempt employees at a rate of not less than $7.25 per hour.

64. Plaintiff was not exempt from the minimum pay requirements of Wisconsin law.

65. Defendants did not compensate Plaintiff an at the applicable minimum wage rate.

66. The foregoing practice violates Wisconsin law.

67. Defendants' violation of Wisconsin law was for dilatory or unjust reasons.

68. Plaintiff suffered wage loss because of this violation.

### FOURTH CLAIM FOR RELIEF:
### FAILURE TO PAY OVERTIME WAGES IN
### VIOLATION OF THE WISCONSIN LAW

69. Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs.

70. Defendants have been, and continue to be, an employer within the meaning of Wis. Stat. §§ 103.001(6) and 109.01(2).

71. Plaintiff was an employee of Defendants within the meaning of Wis. Stat. §§ 103.001(5) and 109.01(1r).

72. Wisconsin law requires employers to compensate all non-exempt employees at a rate of not less than one-and-one-half times their regular rate of pay for work performed in excess of forty hours per workweek.

73. Plaintiff was not exempt from the overtime pay requirements of Wisconsin law.

74. Defendants did not pay Plaintiff overtime premium wages for work performed in excess of forty hours per week.

75. The foregoing practice violates Wisconsin law.

76. Defendants' violation of Wisconsin law was for dilatory or unjust reasons.

77. Plaintiff suffered wage loss because of this violation.

# FIFTH CLAIM FOR RELIEF:
## FAILURE TO PAY AGREED UPON WAGES IN VIOLATION OF THE WISCONSIN LAW

78. Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs.

79. Defendants have been, and continue to be, an employer within the meaning of Wis. Stat. § 109.01(2).

80. Plaintiff was an employee of Defendants within the meaning of Wis. Stat. § 109.01(1r).

81. Wisconsin law requires an employer to pay employees all agreed upon wages.

82. Defendants agreed to pay Plaintiff a $600.00 salary for 39 hours of work each workweek, or $15.38 per hour.

83. Defendants failed to pay Plaintiff this agreed upon wage rate for all hours worked.

84. The foregoing practice violates Wisconsin law.

85. Defendant's violation of Wisconsin law was for dilatory or unjust reasons.

86. Plaintiff suffered wage loss because of this violation.

ACCORDINGLY, Plaintiff respectfully requests the following relief:

A. Judgment against Defendants in the amount of $3,600.00 in unpaid minimum wages, overtime wages, and agreed upon wages.

B. An award in the amount of all liquidated damages and civil penalties in an equal amount of $3,600.00;

C. An award in the amount of all costs and attorneys' fees incurred in prosecuting these claims; and

D. Such further relief as the Court deems just and equitable.

Dated: February 2, 2026

> *s/Larry A. Johnson*
> Larry A. Johnson, SBN 1056619
> Connor J. Clegg, SBN 1118534
> Attorneys for Plaintiff
>
> Hawks Quindel, S.C.
> 5150 N. Port Washington Rd., Suite 243
> Milwaukee, WI 53217-5470
> Telephone: (414) 271-8650
> Fax: (414) 607-6079
> Email: ljohnson@hq-law.com
> cclegg@hq-law.com