---

JESUS LIMON SIFUENTES,

      Plaintiff,

                                Case No. 26-cv-168-pp

   v.

FREDERICK KOLEN
and IN & OUT AUTO REPAIR, LLC,

      Defendants.

---

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS'
MOTION FOR EXTENSION OF TIME (DKT. NO. 5), DENYING DEFENDANT
KOLEN'S MOTION TO DISMISS (DKT. NO. 6) AND SETTING RESPONSIVE
PLEADING DEADLINES**

---

The plaintiff filed a complaint on February 2, 2026, alleging that his former employer, In & Out Auto Repair, LLC, and its owner Frederick Kolen failed to pay him minimum and overtime wages in violation of the Fair Labor Standards Act (FLSA) and Wisconsin law. Dkt. No. 1. Kolen—who is representing himself—has filed a motion for extension of time "to obtain counsel and proper funds," dkt. no. 5, and a motion to dismiss the complaint, dkt. no. 6. The plaintiff opposes both motions. Dkt. Nos. 7, 8.

## I. Background

The clerk issued summonses as to all defendants the day after the plaintiff filed the complaint. On February 24, 2026, the court received from defendant Frederick Kolen two completed copies of the "Proof of Service" section of the summons. Dkt. No. 4. (That section of the form is to be

1

completed by *the individual who served* the summons and complaint on the defendant.) On that form, Kolen stated that the summons and complaint were received by him on February 11, 2026. Id. at 1. Kolen checked the box stating that he "personally served the summons and the attached complaint on the individual at" an address in Milwaukee, Wisconsin. Id. Kolen also checked the box stating that he had "returned the summons unexecuted" because "I do not owe him." Id.

On April 29, 2026, the court received from Kolen a motion for an extension of time to retain counsel. Dkt. No. 5. Two days later, the court received from Kolen a motion to dismiss the complaint. Dkt. No. 6. The plaintiff filed briefs opposing the motion for extension of time and the motion to dismiss. Dkt. Nos. 7, 8.

On May 20, 2026, the plaintiff filed proofs of service on both defendants. Dkt. Nos. 9, 10. The documents state that a process server served In & Out Auto Repair by personal service on its owner, Kolen, on February 11, 2026. Dkt. No. 9. The process server also served Kolen in his individual capacity on February 11, 2026. Dkt. No. 10.

## II. Defendants' Motion for Extension of Time (Dkt. No. 5)

As grounds for his motion for extension of time, Kolen states:

I, Frederick Kolen, would like to ask for a motion for extension of time to obtain counsel and proper funds, as I have not dealt with anything like this before. I am awaiting a referral that could take about a week to receive to discuss this matter with another counsel. As I have made diligent efforts to retain counsel, but have been unable to secure representation within the time allowed, as they are all very busy and were not able to take on the case in a timely manner. I did find one counsel but was unable to pay the $5000

2

> that he was requesting at the time. I would like to ensure that this matter is properly presented to the court. I understand that this is a very serious matter and want to handle it in a professional way. I respectfully request an extension to obtain counsel. I just need a little more time.

Dkt. No. 5. Kolen did not say how much additional time he wanted.

The plaintiff responds that the motion is unnecessary because there is no deadline for the court to extend. Dkt. No. 8 at 1. The plaintiff asserts that Kolen answered the complaint when he filed the proof of service on February 24, 2026, stating "I do not owe him." Id. at 2 (quoting Dkt. No. 4). The plaintiff states that although this "answer" does not comply with the court's Local Rules, it is "arguably a denial" of the claims in the complaint, so there is no pending answer deadline to extend. Id. The plaintiff argues that to the extent that Kolen submitted this extension request on behalf of In & Out Auto Repair, the court must deny the request because a corporation can appear in court only through a licensed attorney. Id. at 3. The plaintiff asserts that because Kolen is not an attorney, he cannot request an extension of time on In & Out's behalf. Id. at 3–4.

There is no "deadline" for Kolen to retain counsel. As an individual, he can represent himself in this case. But there *is* a deadline for Kolen to respond to the complaint. A defendant must respond to the complaint within twenty-one days after being served with the summons and complaint. Fed. R. Civ. P. 12(a)(1)(A)(i). Kolen was served with the summons and complaint on February 11, 2026. Dkt. No. 10. That means his response to the complaint was due twenty-one days later—on March 4, 2026.

3

The only thing Kolen filed before that deadline is a proof of service form stating, "I do not owe him." Dkt. No. 4. That is not a valid answer. Federal Rule of Civil Procedure 8(b) requires that an answer must "state in short and plain terms its defenses to each claim asserted against" the defendant and must "admit or deny the allegations asserted against" the defendant. This district's Local Rules also require an answer "to respond in numbered paragraphs corresponding to the paragraphs of the pleading to which it refers." Civil Local Rule 10(b) (E.D. Wis.). Even self-represented parties must follow federal and local rules of procedure. See Downs v. Westphal, 78 F.3d 1252, 1257 (7th Cir. 1996) ("pro se litigants are not entitled to a general dispensation from the rules of procedure or court-imposed deadlines." (quoting Jones v. Phipps, 39 F.3d 158, 163 (7th Cir. 1994)). The court will not construe the proof of service form as an answer because it does not comply with the procedural rules.

That leaves Kolen's motion to dismiss as the only possible responsive pleading. Instead of an answer, a defendant may file a motion to dismiss the complaint. See Fed. R. Civ. P. 12(b). But that motion also must be filed within twenty-one days of service of the summons and complaint. Kolen filed the motion to dismiss on May 1, 2026, nearly two months after the deadline to file a responsive pleading. That means his motion to dismiss also was untimely.

So, Kolen did not respond to the complaint by the March 4, 2026 deadline. And Kolen filed his request for an extension *after* that deadline expired. The court may, for good cause, extend the time to answer the complaint after the deadline has passed if the party failed to act because of

4

excusable neglect. Fed. R. Civ. P. 6(b)(1)(B). The determination of whether neglect is excusable "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." Raymond v. Ameritech Corp., 442 F.3d 600, 606 (7th Cir. 2006) (quoting Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. P'ship, 507 U.S. 380, 395 (1993)). In determining whether there was "excusable neglect," the court should consider all relevant circumstances surrounding the party's neglect, including the prejudice to the non-movant, length of delay and reason for delay. Bowman v. Korte, 962 F.3d 995, 998 (7th Cir. 2020) (quoting Pioneer, 507 U.S. at 395).

Kolen argues that he has been trying to retain counsel but lacks the funds to do so. But Kolen does not explain why he needs counsel to respond to the complaint. The complaint is relatively brief and straightforward. Kolen has articulated himself clearly in both his motion for an extension of time and the later-filed motion to dismiss the complaint. It does not appear that Kolen is not competent to represent himself.

Although the need to retain counsel is not necessarily a valid reason for Kolen's delay, the other relevant circumstances weigh in favor of the court finding excusable neglect. Kolen filed his extension request almost two months after the deadline to respond, which is not an egregious length of time. And there is no prejudice to the plaintiff at this early stage in the case; discovery has not yet begun and allowing Kolen to respond to the complaint will help the parties resolve the case on the merits. The court will grant Kolen's request for

5

an extension of time to answer the complaint and will deem his motion to dismiss the complaint as a timely responsive pleading on his behalf only.

It isn't clear whether Kolen filed this motion on behalf of himself only or also on behalf of his company, In & Out Auto Repair. If Kolen intended to file this request on behalf of In & Out, the court must deny it. In & Out is a limited liability company. That means it cannot represent itself in court, nor can Kolen—a non-attorney—represent it. The Seventh Circuit has held that "corporations must appear by counsel or not at all." Scandia Down Corp. v. Euroquilt, Inc., 772 F.2d 1423, 1427 (7th Cir. 1985). "This rule applies even if the corporation is owned by only a few closely related individuals or by a single person who seeks to appear on behalf of the corporation." United States v. Certain Real Prop., 381 F. Supp. 3d 1007, 1008 (E.D. Wis. 2018). Kolen cannot represent In & Out or request an extension on its behalf. The court will deny his motion to the extent it seeks an extension of time for In & Out to respond.

## III. Defendant Kolen's Motion to Dismiss (Dkt. No. 6)

### A. Parties' Arguments

This motion states that it is brought on behalf of Kolen only. See Dkt. No. 6 at 1. In his motion to dismiss, Kolen argues that the complaint fails to plead facts establishing that he is personally liable for the alleged wage and hour violations. Id. at ¶4. He asserts that the complaint describes actions "solely . . . attributed to In & Out Auto Repair" and that at all times, Kolen acted only in his capacity as the business' owner. Id. at ¶¶2–3. Kolen contends that "members, owners, and employees of a properly formed business entity are not

6

personally liable for the debts or obligations of the entity absent specific circumstances not alleged here." Id. at ¶5. Kolen asks the court to dismiss all claims against Kolen individually. Id. at 1.

The plaintiff responds that the Fair Labor Standards Act permits an employee to bring wage and hour claims against a corporate officer who exercises operational control over the business. Dkt. No. 7 at 4. The plaintiff states that the complaint includes allegations that Kolen controlled In & Out's day-to-day operations, including the rate and method of compensation, and that he personally determined that the plaintiff would not be paid agreed-upon wages for all hours worked. Id. at 4–5 (quoting Dkt. No. 1 at ¶¶8, 37–42). The plaintiff argues that this is sufficient to establish that Kolen is an employer under the FLSA. Id. at 5.

The plaintiff asserts that although Wisconsin courts have not addressed whether an individual can be held liable for wage and hour violations under state law, Wisconsin law defines "employer" similarly to the FLSA. Id. at 5–6. The plaintiff argues that federal courts have considered FLSA cases persuasive when ruling on Wisconsin wage and hour claims brought against two jointly employing corporate entities. Id. at 6. The plaintiff argues that applying FLSA case law compels the same conclusion for claims against individual corporate officers: that Kolen is jointly liable with In & Out under Wisconsin law. Id. at 7.

B.      Legal Standard

Federal Rule of Civil Procedure 12(b)(6) allows a party to assert by motion that the complaint fails to state a claim upon which a federal court can grant

7

relief. "A Rule 12(b)(6) motion tests 'the legal sufficiency of the complaint,' as measured against the standards of Rule 8(a)." <u>Gunn v. Cont'l Cas. Co.</u>, 968 F.3d 802, 806 (7th Cir. 2020) (quoting <u>Runnion <em>ex rel.</em> Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.</u>, 786 F.3d 510, 526 (7th Cir. 2015)). A complaint need not include detailed factual allegations, but it must "state a claim to relief that is plausible on its face." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007). A claim is facially plausible if it "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (citing <u>Twombly</u>, 550 U.S. at 556). In ruling on a Rule 12(b)(6) motion, the court takes "all of the factual allegations in the complaint as true," <u>id.</u>, and draws all reasonable inferences in the plaintiff's favor, <u>Roberts v. City of Chicago</u>, 817 F.3d 561, 564 (7th Cir. 2016).

C.    <u>Analysis</u>

The complaint states an FLSA claim against Kolen as an individual. The FLSA defines "employer" as "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. §203(d). Whether a person or entity is an "employer" under the FLSA is a question of law. <u>Karr v. Strong Detective Agency Inc.</u>, 787 F.2d 1205, 1206 (7th Cir. 1986). An individual may be considered an "employer" if he "had supervisory authority over the complaining employee and was responsible in whole or part for the alleged violation." <u>Riordan v. Kempiners</u>, 831 F.2d 690, 694 (7th Cir. 1987); <u>see also</u> <u>Villareal v. El Chile, Inc.</u>, 776 F. Supp. 2d 778, 785–90 (N.D. Ill. 2011) (fact

8

issues precluded summary judgment on whether owner, president and supervisor of corporate defendants could be "employers" under the FLSA because their degree of control over the companies was disputed); Solis v. Saraphino's, Inc., Case No. 09-CV-954, 2011 WL 1532543, at *4 (E.D. Wis. Apr. 22, 2011) (corporate defendant's owner and president was liable as an employer under the FLSA where "he exercised control over the employees with regard to employment and pay practices").

The complaint alleges that Kolen had "control over the day-to-day operations of In & Out" and "over the human resources and compensation aspects of In & Out." Dkt. No. 1 at ¶¶37–38. It alleges that Kolen "determined the rates and methods of compensation for Plaintiff" and made the decisions not to pay the plaintiff minimum wages for each hour worked, not to pay overtime wages and not to pay agreed-upon wages. Id. at ¶¶39–42. Taking these allegations as true, which the court must do at the pleading stage, the complaint establishes that Kolen had supervisory authority over the plaintiff and was responsible for the FLSA violations.

The same is true for the plaintiff's state-law wage and hour claim. The Wisconsin Wage Payment and Collection Laws (WWPCL) define an employer differently based on the type of claim brought. For the plaintiff's failure to pay agreed-upon wages claim, the law defines an employer as "any person engaged in any activity, enterprise or business employing one or more persons within the state." Wis. Stat. §109.01(2). For the plaintiff's failure to pay overtime claim, an "employer" is defined as "any person, firm, corporation . . . [and] any

9

agent, manager, representative or other person having control or custody of any employment, place of employment or of any employee." Wis. Stat. §103.001(6). Like the definitions in the FLSA, these definitions are broad and encompass Kolen based on the facts alleged in the complaint. See Brant v. Schneider Nat'l, Inc., 43 F.4th 656, 674 (7th Cir. 2022) (overruling dismissal because "allegations giving rise to a plausible inference of control over a person employed at labor are enough to plead that a person or business is an employer under Wisconsin's minimum wage law"); Salzmann v. Wergin, Case No. 22-C-894, 2025 WL 506638, at *2 (E.D. Wis. Feb. 14, 2025) (company owner and CEO was liable under the WWPCL because he "was responsible for making decisions regarding payments" to the plaintiffs and "made the decision to stop paying" the plaintiffs' wages).

The complaint's factual allegations establish that Kolen had control over the plaintiff's employment and compensation and so state a claim that Kolen violated the FLSA and WWPCL. The court will deny Kolen's motion to dismiss.

## IV. Next Steps

Because the court is denying his motion, Kolen must file an answer to the complaint. In his answer, Kolen must respond to each allegation in the complaint by stating that he admits that allegation, denies that allegation or lacks knowledge or information sufficient to form a belief about the truth of that allegation. See Fed. R. Civ. P. 8(b). Kolen's responses must be arranged in numbered paragraphs that correspond to each numbered paragraph in the

10

complaint. <u>See</u> Civil L.R. 10(b). Kolen must file his answer in time for the court to receive it by the date the court sets below.

As the court explained earlier, Kolen cannot represent In & Out Auto Repair. In & Out was served with the summons and complaint on February 11, 2026, dkt. no. 9, so its answer or responsive pleading was due twenty-one days late—on March 4, 2026. No attorney has filed a notice of appearance or responded to the complaint on behalf of In & Out. Because In & Out has not timely responded—or responded at all—it is in default.

The court understands that In & Out's owner, Kolen, is unfamiliar with the court system. He may not have known that In & Out cannot represent itself, or that *both* he *and* In & Out must respond to the complaint because they are both named as defendants. So, the court will give In & Out a brief extension of time to retain counsel and file a response to the complaint. If licensed counsel for In & Out has not appeared and filed a response to the complaint by the date the court sets below, the plaintiff may file a request for entry of default and a motion for default judgment against In & Out.

## V.     Conclusion

The court **GRANTS IN PART** and **DENIES IN PART** defendant Kolen's motion for extension of time. Dkt. No. 5. The court **GRANTS** the motion as to Kolen and **DEEMS** Kolen's motion to dismiss (Dkt. No. 6) as timely filed. The court **DENIES** the motion as to In & Out Auto Repair.

The court **DENIES** Kolen's motion to dismiss. Dkt. No. 6.

11

The court **ORDERS** that Kolen must file an answer to the complaint in time for the court to receive it by the end of the day on **August 14, 2026**.

The court **ORDERS** that licensed counsel must file a notice of appearance on behalf of In & Out Auto Repair and respond to the complaint by the end of the day on **August 14, 2026**. If licensed counsel does not appear and respond by that date, the plaintiff may request entry of default and move for default judgment against In & Out Auto Repair.

Dated in Milwaukee, Wisconsin this 9th day of July, 2026.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**